E-FILED
Wednesday, 25 March, 2020  01:22:54 PM
Clerk, U.S. District Court, ILCD

CENTRAL DISTRICT OF ILLINOIS
UNITED STATES OF AMERICA

MICHAEL REDNOUR,

        Plaintiff,

vs.

CRST EXPEDITED, INC.

and

EDWARD HENDERSON,

        Defendants.

Case No:


**JURY TRIAL DEMANDED**

**TO BE SERVED:**
CRST Expedited, Inc.
Registered Agent:
Cogency Global, Inc.
400 Locust St., Suite 400
Des Moines, IA 50309


EDWARD HENDERSON
101 Jackie Dr., #8
West Monroe, LA 71292

## COMPLAINT

COMES NOW Plaintiff, Michael Rednour, by and through his undersigned counsel, and for his cause of action against CRST Expedited, Inc. and Edward Henderson states as follows:

## GENERAL ALLEGATIONS

1.    Plaintiff is a citizen of Illinois.

2.    Defendant Edward Henderson is a citizen of Louisiana.

3.    At all times relevant herein, Defendant CRST Expedited, Inc. is an Iowa corporation registered with the Iowa Secretary of State, with its principal place of business and registered agent located at 400 Locust St., Suite 400, Des Moines, IA 50309.

4.    This court has original jurisdiction over the matter and parties pursuant to 28 USC § 1332 as there is complete diversity amongst the parties and the value in controversy exceeds $75,000, exclusive of interest and costs.

5.      Plaintiff demands trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

6.      Defendant CRST Expedited, Inc. owned the 2017 Freightliner tractor-trailer being operated by Edward Henderson at the time of the collision.

7.      At all times relevant to this case, Defendant Edward Henderson was an agent and/or employee (hereinafter to refer to statutory or otherwise) of Defendant CRST Expedited, Inc. and was acting within the course and scope of his agency and/or employment

8.      At the time of the collision referenced in this complaint, Defendant CRST Expedited, Inc. was registered with the Federal Motor Carrier Safety Administration as an interstate commercial motor carrier.

9.      At all times relevant, CRST Expedited, Inc. was operating as an interstate commercial motor carrier.

10.      At all relevant times, CRST Expedited, Inc. was operating as a for-hire motor carrier.

11.      At all times relevant, CRST Expedited, Inc. had authority to operate as a For Property carrier.

12.      At all times relevant herein and at the time of this crash, Defendant CRST Expedited, Inc. was a commercial motor carrier engaged in interstate commerce, transporting goods for hire throughout the United States.

13.      At all times relevant herein and at the time of this crash, Defendant CRST Expedited, Inc. was acting individually and through its drivers, agents, servants, joint venturers, and/or employees, each of whom were acting within the course and scope of their employment with Defendant CRST Expedited, Inc.

14.     At all times relevant herein and at the time of this crash, Defendant Edward Henderson was operating a tractor-trailer in the course and scope of his employment and agency with Defendant CRST Expedited, Inc.

15.     Defendant CRST Expedited, Inc. is liable for all acts and omissions of Defendant Edward Henderson while he/it was operating within course and scope of employment and/or agency, under the doctrine of *respondeat superior*.

16.     Defendant CRST Expedited, Inc., and its agents, servants, employees, and drivers, including Defendant Edward Henderson, at all relevant times set forth herein, were subject to the rules and regulations contained and set forth in Title 49, Code of Federal Regulations (Federal Motor Carrier Safety Regulations).

17.     In its relevant parts, the Motor Carrier Safety Regulations define "Motor Carrier" as a for-hire motor carrier or a private motor carrier; including a motor carrier's agents, officers and representatives, as well as employees responsible for hiring, supervising, training, assigning, or dispatching of drivers and employees concerned with the installation, inspection, and maintenance of motor vehicle equipment and/or accessories; this definition includes the term "employer."  49 C.F.R. §390.5.

18.     In its relevant parts, the Motor Carrier Safety Regulations define an "Employee" as any individual, other than an employer, who is employed by an employer and who, in the course of his or her employment directly, affects commercial motor vehicle safety.  "Employee" includes a driver of a commercial motor vehicle (including an independent contractor while in the course of operating a commercial motor vehicle).  49 C.F.R. §390.5.

19.     At all times relevant to this case, Defendant Edward Henderson was a driver of the Freightliner and therefore, an "employee," as defined by the Motor Carrier Safety Regulations.

20.     In its relevant parts, the Motor Carrier Safety Regulations define "Motor Vehicle" as any vehicle, machine, tractor, trailer, or semi-trailer propelled or drawn by mechanical power and used upon the highways in the transportation of passengers or property, or any combination thereof determined by the Federal Motor Carrier Safety Administration.  49 C.F.R. §390.5.

21.     At all times relevant to this case, the tractor-trailer driven by Defendant Edward Henderson was a semi-trailer and therefore, a "motor vehicle," as defined by the Motor Carrier Safety Regulations.

22.     In its relevant parts, the Motor Carrier Safety Regulations define an "Employer" as any person engaged in a business affecting interstate commerce that owns or leases a commercial motor vehicle in connection with that business, or assigns employees to operate it. 49 C.F.R. §390.5.

23.     At all times relevant to this case, Defendant CRST Expedited, Inc. was an "employer," as defined by the Motor Carrier Safety Regulations.

24.     At the time of this incident and at all times herein mentioned, Defendant Edward Henderson was operating the Freightliner as a driver for Defendant CRST Expedited, Inc.

25.     On or about March 28, 2018, at approximately 4:28 a.m., Plaintiff Michael Rednour was operating a 2017 Freightliner tractor-trailer on souththbound on Interstate 55 in McLean County, Illinois.

26.     At that time and place, Plaintiff was traveling in the right lane when Defendant Edward Henderson fell asleep while driving, causing him to violently crash into the rear of the vehicle being driven by Michael Rednour.

27.     Plaintiff suffered and continues to suffer permanent and disabling injuries as a direct and proximate result of this incident.

28.     At the time of the crash, the truck operated by Defendant Edward Henderson bore the name of Defendant CRST Expedited, Inc. as well as its DOT number and/or MC (operating

authority) number.

29.     The negligence of Defendants CRST Expedited, Inc. and Edward Henderson, directly and proximately, caused or contributed to cause injuries to Plaintiff Michael Rednour, as described in greater detail herein.

30.     As a direct and proximate result of this crash and the direct and proximate result of the negligence of CRST Expedited, Inc., and its agents, servants, and employees, including Edward Henderson, Plaintiff injured his neck and back.

31.     As a direct and proximate result of this crash and the direct and proximate result of the negligence of CRST Expedited, Inc., and its agents, servants, and employees, including Edward Henderson, Plaintiff has suffered pain and suffering and will continue to suffer.

32.     As a direct and proximate result of this crash and the direct and proximate result of the negligence of Defendants CRST Expedited, Inc. and its agents, servants, and employees, including Edward Henderson, Plaintiff Michael Rednour has incurred medical bills in excess of $26,000.00 and will continue to incur medical expenses related to the treatment of injuries sustained in the crash.

## COUNT I
## NEGLIGENCE OF DEFENDANT EDWARD HENDERSON

**COMES NOW** Plaintiff Michael Rednour, (hereinafter "Plaintiff") and fully incorporate and re-allege each and every paragraph set forth above as if they were set forth herein and further states:

33.     At the time of this crash, Defendant Edward Henderson negligently operated the tractor-trailer that caused this incident on the above stated date and time by:

    a)     Failing to keep a proper lookout;

    b)     Driving too fast for conditions in violation of 625 ILCS 5/11-601(a)

c)      Failing to take proper remedial action which could have
        avoided this collision or minimized the impact;

d)      Failing to reduce speed to avoid a collision in violation of 625 ILCS 5/11-
        601(a);

e)      Operating the tractor-trailer without adequate training
        and experience;

f)      Operating the tractor-trailer when not properly qualified to do so;

g)      Driving while tired and/or fatigued;

h)      Driving while under the unsafe side-effects of prescription medication;

i)      Failing to reduce speed to avoid a collision;

j)      Failing to stop his tractor-trailer, slacken his speed, swerve or sound a
        warning in an attempt to avoid colliding with Plaintiff's vehicle, when he
        could and should have done so in the exercise of the highest degree of
        reasonable care.

34.     At least one of the negligent acts or omissions by Defendant Edward Henderson,
as described in the above paragraphs and the below paragraphs, was a direct and proximate cause
of the crash in question and the resulting injuries to Plaintiff.

35.     As a direct and proximate result of the negligence of Defendant Edward
Henderson, Plaintiff was seriously injured as described herein and has sustained damages, pain
and suffering and will sustain damages, pain and suffering in the future.

36.     Defendant Edward Henderson knew or should have known that his conduct as
described herein created a high degree of probability of injury.

37.     Defendant Edward Henderson was not properly qualified to operate the tractor-
trailer and did not have the required training and experience and was operating in violation of the
law and this behavior and conduct was reckless and shows a complete indifference and conscious
disregard for the safety of the motoring public, so as to entitle Plaintiff to Aggravated (punitive)
Damages.

38.     The operation of the tractor-trailer by Defendant Edward Henderson and the manner in which it was operated on the public roadways, was willful, wanton, and reckless, and shows complete indifference and conscious disregard for the safety of the motoring public, so as to entitle Plaintiff to Aggravated (punitive) Damages.

39.     The conduct of Defendant Edward Henderson as described herein, specifically including violations of pertinent rules of the road and the Federal Motor Carrier Safety Regulations as listed within this Complaint, as well as other acts and omissions of as described herein, was willful, wanton, and reckless, and shows complete indifference and conscious disregard for the safety of the motoring public, so as to entitle Plaintiff to Aggravated (punitive) Damages.

**WHEREFORE** Plaintiff pray for judgment against Defendant Edward Henderson in a sum in excess of Seventy Five Thousand Dollars ($75,000) exclusive of costs and interest, as is fair and reasonable to compensate Plaintiff for his injuries, plus aggravated (punitive) damages, and for such other relief this Court deems just and proper under the circumstances.

<u>**COUNT II**</u>
<u>**STATUTORY EMPLOYMENT/LOGO/LEASE LIABILITY AGAINST DEFENDANT CRST EXPEDITED, INC.**</u>

**COMES NOW** Plaintiff and fully incorporates, and re-alleges each and every paragraph set forth above as if they were set forth herein and further states:

40.     Based upon all aforementioned allegations, Defendant CRST Expedited, Inc. is vicariously liable for the negligence of Defendant Edward Henderson based upon the doctrines of statutory employment, logo, and/or lease liability.

**WHEREFORE** Plaintiff prays for judgment against Defendant CRST Expedited, Inc. in a sum in excess of Seventy-Five Thousand Dollars ($75,000) exclusive of costs and interest, as is fair and reasonable to compensate Plaintiff for his injuries, plus aggravated (punitive) damages, and for such other relief this Court deems just and proper under the circumstances.

**COUNT III**

**VICARIOUS LIABILITY AGAINST DEFENDANT CRST EXPEDITED, INC.**

**COMES NOW** Plaintiff and fully incorporates and re-alleges each and every paragraph set forth above as if they were set forth herein and further states:

41.      At all times relevant, Defendant Edward Henderson was acting in the course and scope of his agency and/or employment with Defendant CRST Expedited, Inc.

42.      Based upon the prior allegations, Defendant CRST Expedited, Inc. is vicariously liable for the negligence of Defendant Edward Henderson based upon the doctrines of agency and respondent superior.

**WHEREFORE** Plaintiff prays for judgment against Defendant CRST Expedited, Inc. in a sum in excess of Seventy-Five Thousand Dollars ($75,000) exclusive of costs and interest, as is fair and reasonable to compensate Plaintiff for his injuries, plus aggravated (punitive) damages, and for such other relief this Court deems just and proper under the circumstances.

**COUNT IV**

**INDEPENDENT NEGLIGENCE AGAINST DEFENDANT CRST EXPEDITED, INC.**

**COMES NOW** Plaintiff and incorporates and re-alleges each and every paragraph set forth above as if they were set forth herein and further states:

43.      At all times relevant, Defendant CRST Expedited, Inc. was operating as an interstate motor carrier pursuant to authority granted to it by the U.S. Department of

Transportation.

44.     Throughout its existence, Defendant CRST Expedited, Inc. has, or should have been, aware of the existence of the Federal Motor Carrier Safety Regulations.

45.     As an interstate motor carrier, Defendant CRST Expedited, Inc. has a duty, to follow and comply with the Federal Motor Carrier Safety Regulations.

46.     The various safety regulations included within Parts 390 – 397, of which Defendant CRST Expedited, Inc. had a duty to follow, include, but are not limited to, the following:

    a.  Defendant CRST Expedited, Inc. had an independent duty to require observance by its drivers of any duty or prohibition imposed upon the drivers by the Federal Motor Carrier Safety Regulations.  49 C.F.R. §390.11;

    b.  Defendant CRST Expedited, Inc. had a duty to not require or permit a driver, including Defendant Edward Henderson, to operate a commercial motor vehicle, while the driver's ability or alertness is so impaired, or so likely to become impaired, through fatigue, illness, or any other cause, as to make it unsafe for him/her to begin or continue to operate the commercial motor vehicle.  49 C.F.R. §392.3;

    c.  Defendant CRST Expedited, Inc. had a duty to not allow or permit a driver, including Defendant Edward Henderson, to operate a commercial motor vehicle unless that person is qualified to drive a commercial motor vehicle.  49 C.F.R. §391.11.;

    d.  Defendant CRST Expedited, Inc. had an independent duty not to aid, abet, encourage or require any of its employees to violate the safety regulations contained within Chapter 390.  490 C.F.R. §390.13;

e.  Defendant CRST Expedited, Inc. had an independent duty to prohibit its employees from driving a commercial vehicle unless the employee had first completed and furnished to Defendant CRST Expedited, Inc. an application for employment that meets the requirements as set forth in 49 C.F.R. §391.21(b);

f.  Defendant CRST Expedited, Inc. had an independent duty to make investigations and inquiries with respect to each driver it employs and to do so in the manner prescribed in 49 C.F.R. §391.23;

g.  Defendant CRST Expedited, Inc. had an independent duty to obtain the motor vehicle record of every driver it employs, including Defendant Edward Henderson, at least once every twelve months in determine whether that driver continues to meet the minimum requirements for safe driving or is disqualified to drive a commercial motor vehicle.  49 C.F.R. §391.25;

h.  Defendant CRST Expedited, Inc. had an independent duty require each of its drivers, including Defendant Edward Henderson, to furnish it with a list of all violations of motor vehicle traffic laws and ordinances of which he/she has been convicted in the preceding 12 months.  49 C.F.R. §391.27;

i.  Defendant CRST Expedited, Inc. had an independent duty to prohibit its employees, including Defendant Edward Henderson, from driving until the driver had successfully completed a road test and been issued a certificate of driver's road test.  40. C.F.R. §391.31;

j.  Defendant CRST Expedited, Inc. had an independent duty to ensure that its drivers, including Defendant Edward Henderson, were physically qualified to operate a commercial motor vehicle and that its drivers had undergone the

necessary examinations in the required timeframes as set forth within the Federal
Motor Carrier Safety Regulations.  40 C.F.R. §391 – Subpart E; and

k.  Defendant CRST Expedited, Inc. had an independent duty to inspect, repair, and
maintain, all of the motor vehicles subject to its control, including the motor
vehicle operated by Defendant Edward Henderson on the day of the
aforementioned crash, and to ensure that the motor vehicle and all of its parts and
accessories were in proper operating condition at all times, including at the time
of the aforementioned crash.  40 C.F.R. §396.3.

47.    That Defendant CRST Expedited, Inc. had a duty to comply with the Federal
Motor Carrier Safety Regulations including the specific aforementioned regulations.

48.    That it is customary standard in the motor carrier industry to have in place an
adequate safety program administered by competent and adequately trained safety personnel to
ensure that the motor carrier and its drivers are adhering to the Federal Motor Carrier Safety
Regulations, including but not limited the specifically aforementioned regulations.

49.    That, at all times prior to the aforementioned collision, Defendant CRST
Expedited, Inc. failed to have in place an adequate safety program.

50.    As a result of its inadequate and/or inexistent safety program, Defendant CRST
Expedited, Inc. violated numerous Federal Motor Carrier Safety Regulations including, but not
limited to the specifically aforementioned regulations prior to the aforementioned collision
involving Plaintiff.

51.    As a result of its inadequate and/or inexistent safety program, Defendant CRST
Expedited, Inc. allowed its drivers, including Defendant Edward Henderson, to violate numerous
Federal Motor Carrier Safety Regulations including, but not limited to the specifically
aforementioned regulations prior to the aforementioned collision involving Plaintiff.

52.     That Defendant CRST Expedited, Inc.'s violation of numerous Federal Motor Carrier Safety Regulations, including the specifically aforementioned regulations created a danger to the health, welfare, and safety of the motoring public, including Plaintiff.

53.     Defendant CRST Expedited, Inc. was thereby negligent in that it failed to implement an adequate safety program and it violated numerous Federal Motor Carrier Safety Regulations, including but not limited to the specifically aforementioned regulations.

54.     Defendant CRST Expedited, Inc. was thereby negligent in that it failed to implement an adequate safety program and it failed to ensure that its agents, employees and drivers, including Defendant Edward Henderson, complied with the Federal Motor Carrier Safety Regulations, including but not limited to the specifically aforementioned regulations.

55.     As a direct and proximate result of the independent negligence of Defendant CRST Expedited, Inc., Plaintiff was injured and sustained damages and will continue to be damaged in the manners previously described in this Complaint.

56.     Defendant CRST Expedited, Inc. knew or had information from which they, in the exercise of ordinary care, could have known that such conduct as described herein created a high degree of probability of injury to the motoring public such as Plaintiffs.

57.     The conduct of Defendant CRST Expedited, Inc. as described herein, specifically including violations of Illinois state law and the various Federal Motor Carrier Safety Regulations was willful, wanton, and reckless, and shows complete indifference and conscious disregard for the safety of the motoring public, so as to entitle Plaintiff to Aggravated (punitive) Damages.

58.     Because of Defendant CRST Expedited, Inc.'s willful, wanton, and reckless behavior, and for their indifference and conscious disregard for the safety of the motoring public, aggravated (punitive) damages are appropriate in this action in order to punish Defendant CRST Expedited, Inc. and to deter others from similar conduct.

59.     Defendant CRST Expedited, Inc.'s reckless and intentional behavior, and their complete indifference and conscious disregard for the safety of the motoring public, directly and proximately caused the wreck and the resulting injuries to Plaintiffs described herein.

**WHEREFORE** Plaintiff prays for judgment against Defendant CRST Expedited, Inc. in a sum in excess of Seventy-Five Thousand Dollars ($75,000) exclusive of costs and interest, as is fair and reasonable to compensate Plaintiffs for their injuries, plus aggravated (punitive) damages, and for such other relief this Court deems just and proper under the circumstances.

## COUNT V

## DIRECT NEGLIGENCE AGAINST DEFENDANT CRST EXPEDITED, INC. BASED UPON NEGLIGENT HIRING/RETENTION

**COMES NOW** Plaintiff and incorporates and re-alleges each and every paragraph set forth above as if they were fully incorporated herein and further states:

60.     At all times prior to the aforementioned collision, Defendant CRST Expedited, Inc. had a duty, imposed by law and regulation, to diligently and adequately screen potential drivers to the extent mandated by the Federal Motor Carrier Safety Regulations.

61.     Such duties include, but are not limited to:

a)      To obtain a completed employment application before permitting an agent, servant, and/or employee drive its commercial motor vehicle. 49 C.F.R. §391.21;

b)      To investigate the agents, servants, and/or employee's driver's employment record during the preceding three years by all reasonable means. 49 C.F.R. §§391.23(a)(2), 391.23(c);

c)      To inquire into the agent's, servant's, and/or employee's driving record within 30 days after employment begins. 49 C.F.R. §391.23(a);

d)      To require a successfully completed road test before commencing employment, and permitting the applicant, agent, servant, and/or employee to drive a commercial motor vehicle. 49 C.F.R. §391.31(a);

e)      To investigate the driver's safety performance history with Department of Transportation regulated employer during the preceding three years. 49 C.F.R. §391.23(2);

f)      Ensure that its driver was physically qualified to operate a tractor-trailer and had a valid and current DOT medical examiner's certificate. 49 C.F.R. §391.41; and

g)      Ensure that its driver had no current diagnosis of high blood pressure likely to interfere with the ability to operate a commercial motor vehicle safely.  49 C.F.R. §391.41(b)(6).

62.    Defendant CRST Expedited, Inc. had a duty to comply with all of the above and below listed Laws, Federal Regulations, Codes, and/or Missouri Statutes, so as to protect the general public, including the Plaintiffs, from the unsafe operation of commercial motor vehicles by its drivers.

63.    Defendant Edward Henderson was unqualified to operate a commercial motor vehicle due to his driving history, inexperience, lack of skill, lack of training, lack of knowledge, and physical medical condition.

64.    That, because of Defendant Edward Henderson's aforementioned inadequacies, Defendant CRST Expedited, Inc. should not have hired him to operate a commercial motor vehicle.

65.    That Defendant CRST Expedited, Inc. knew, or through the exercise of ordinary care should have known that Defendant Edward Henderson was unqualified to safely operate a commercial motor vehicle.

66.    That by failing to properly and adequately screen and investigate its drivers,

including Defendant Edward Henderson, before and during employment, Defendant CRST Expedited, Inc. violated numerous Federal Motor Carrier Safety Regulations, including but not limited to those specifically identified in this count.

67.     Had Defendant CRST Expedited, Inc. obeyed the Federal Motor Carrier Safety Regulations, including but not limited to those specifically identified in this count, it could have learned that Defendant Edward Henderson was unqualified to safely operate a commercial motor vehicle.

68.     Defendant Edward Henderson's negligent actions on the day of the collision with Plaintiff was consistent with, related to, and a product of his aforementioned inadequacies in operating a commercial motor vehicle.

69.     Defendant CRST Expedited, Inc.'s actions and omissions in hiring Defendant Edward Henderson, including their violations of the Federal Motor Carrier Safety Regulations, was the proximate cause of the injuries and damages sustained by Plaintiffs resulting from the aforementioned motor vehicle collision.

70.     Defendant CRST Expedited, Inc.' actions and omissions in hiring Defendant Edward Henderson, including their violations of the Federal Motor Carrier Safety Regulations were willful, wanton, and reckless, and demonstrated a complete indifference and conscious disregard for the law and for the safety of others, including Plaintiffs.

71.     Defendant CRST Expedited, Inc.'s willful, wanton, and reckless behavior evidenced a complete indifference and conscious disregard for the safety of the motoring public and aggravated (punitive) damages are appropriate in this action in order to punish Defendant CRST Expedited, Inc. and to deter others from similar conduct.

**WHEREFORE** Plaintiff prays for judgment against Defendant CRST Expedited, Inc. in a sum in excess of Seventy-Five Thousand Dollars ($75,000) exclusive of costs and interest, as

is fair and reasonable to compensate Plaintiffs for their injuries, plus aggravated (punitive) damages, and for such other relief this Court deems just and proper under the circumstances.

## COUNT VI

## DIRECT NEGLIGENCE AGAINST DEFENDANT CRST EXPEDITED, INC. BASED UPON NEGLIGENT TRAINING

**COMES NOW** Plaintiff and incorporates and re-alleges each and every paragraph set forth above as if they were fully incorporated herein and further states:

72.     Defendant CRST Expedited, Inc. owed the general public, including Plaintiff, a duty to properly train its drivers, including Defendant Edward Henderson, on the safe operation of a tractor-trailer.

73.     Defendant CRST Expedited, Inc. failed to properly instruct Defendant Edward Henderson on the safe operation of a tractor-trailer.

74.     Defendant CRST Expedited, Inc. owed the general public, including Plaintiff, a duty to properly train its drivers, including Defendant Edward Henderson, on the safety regulations set forth in the Federal Motor Carrier Safety Regulations.

75.     At all times prior to the aforementioned collision, Defendant CRST Expedited, Inc. had a duty, imposed by law and regulation, to diligently and adequately screen potential drivers to the extent mandated by the Federal Motor Carrier Safety Regulations.

76.     Such duties include, but are not limited to:

a)      To require and verify that its drivers pass a knowledge and skills test as prescribed by the Federal Motor Carrier Safety Regulations.  49 C.F.R. §380.109 and 49 C.F.R. §380.509;

b)      To train its drivers on the Federal Motor Carrier Safety Regulations pertaining to medical certification, medical examination procedures, general qualifications, responsibilities, and disqualifications.  49 C.F.R. §380.503;

c)      To ensure that its drivers have been properly trained and to show proof of that training with a training certificate. 49 C.F.R. §380.505;

77.      Defendant CRST Expedited, Inc. had a duty to properly instruct its drivers, including Defendant Edward Henderson on the rules as regulations as contained in Part 392 of the Federal Motor Carrier Safety Regulations which pertain to the safe operation of a commercial motor vehicle.

78.      Defendant CRST Expedited, Inc. failed to properly instruct Defendant Edward Henderson on the Federal Motor Carrier Safety Regulations, including those specifically referenced in this count.

79.      Defendant CRST Expedited, Inc. owed the general public, including Plaintiff, a duty to provide ongoing safety courses to its drivers, including Defendant Edward Henderson.

80.      Defendant CRST Expedited, Inc. failed to provide adequate continuing safety courses to Defendant Edward Henderson.

81.      Defendant CRST Expedited, Inc. had a duty to comply with all of the above and below listed duties, so as to protect the general public, including the Plaintiff, from the unsafe operation of commercial motor vehicles by its drivers.

82.      Defendant CRST Expedited, Inc. breached its duty to the general public, including the Plaintiff, by its failing to properly train Defendant Edward Henderson, Defendant CRST Expedited, Inc.'s tractor-trailer driver, who was unqualified, incompetent and should not have been permitted to operate a tractor-trailer.

83.     Based on Defendant Edward Henderson's driving history, inadequate experience, and training, Defendant CRST Expedited, Inc. knew or had information from which defendant, in the exercise of ordinary care, should have known, that its driver operating its vehicle created a high degree of probability of injury to other persons operating or traveling in motor vehicles on public roads, streets and highways.

84.     That Defendant CRST Expedited, Inc. was negligent in failing to properly train its drivers, including Defendant Edward Henderson, on the safe operation of a commercial motor vehicle and the Federal Motor Carrier Safety Regulations.

85.     That Defendant CRST Expedited, Inc. was negligent in failing to provide continuing education on the safe operation of a commercial motor vehicle and on the Federal Motor Carrier Safety Regulations.

86.     That Defendant Edward Henderson's aforementioned negligent actions and/or inactions were consistent with the fact that Defendant CRST Expedited, Inc. failed to properly train him in the safe operation of a commercial motor vehicle and/or the adherence to the Federal Motor Carrier Safety Regulations.

87.     These actions and omissions of Defendant CRST Expedited, Inc. relating to this crash were willful, wanton, and reckless, and demonstrated a complete indifference and conscious disregard for the law and for the safety of others, including Plaintiffs.

88.     Defendant CRST Expedited, Inc.'s willful, wanton, and reckless behavior, and for its complete indifference and conscious disregard for the safety of the motoring public, aggravated (punitive) damages are appropriate in this action in order to punish Defendant and to deter others from similar conduct.

89.     Plaintiff's injuries were directly and proximately caused by Defendant CRST Expedited, Inc.'s breach of and failure to comply with its duty to properly train Defendant Edward Henderson, its tractor-trailer driver.

**WHEREFORE** Plaintiff prays for judgment against Defendant CRST Expedited, Inc. in a sum in excess of Seventy-Five Thousand Dollars ($75,000) exclusive of costs and interest, as is fair and reasonable to compensate Plaintiffs for their injuries, plus aggravated (punitive) damages, and for such other relief this Court deems just and proper under the circumstances.

<u>COUNT VIII</u>

<u>DIRECT NEGLIGENCE AGAINST DEFENDANT CRST EXPEDITED, INC.</u>

<u>BASED UPON NEGLIGENT SUPERVISION</u>

**COMES NOW** Plaintiff and incorporates and re-alleges each and every paragraph set forth above as if they were fully incorporated in this count and further states:

90.     Defendant CRST Expedited, Inc. owed the general public, including Plaintiff, a duty to continuously evaluate its drivers' performance, including through supervision, and to discharge an incompetent or unsafe driver before he/she injured the public or property.

91.     Defendant CRST Expedited, Inc. had a duty to not require or permit a driver, including Defendant Edward Henderson, to operate a commercial motor vehicle, while the driver's ability or alertness is so impaired, or so likely to become impaired, through fatigue, illness, or any other cause, as to make it unsafe for him/her to begin or continue to operate the commercial motor vehicle.  49 C.F.R. §392.3.

92.     Defendant CRST Expedited, Inc. had a duty to inquire into the motor vehicle record of its drivers and give "great weight" to violations such as speeding or reckless driving. 49 C.F.R. §391.25.

93.     Defendant CRST Expedited, Inc. had a duty to ensure that its drivers were continuously physically qualified to safely operate a tractor-trailer. 49 C.F.R. §391.41, 391.43.

94.     Defendant CRST Expedited, Inc. had a duty to maintain a driver qualification file for each driver it employs.  49 C.F.R. §391.51

95.     Defendant CRST Expedited, Inc. had a duty to maintain a driver investigation history file for each driver it employs.  49 C.F.R. §391.53.

96.     Defendant CRST Expedited, Inc. had a duty to not allow or permit its on-duty drivers to be possession of drugs as listed in 49 C.F.R. §392.4(a).

97.     Defendant CRST Expedited, Inc. had a duty to not schedule a run, nor permit, nor require the operation of any commercial motor vehicle between points in such a period of time as would necessitate the commercial vehicle being operated at speeds greater than those prescribed by law.  49 C.F.R. §392.6.

98.     Defendant CRST Expedited, Inc. had a duty to comply with all of the above and below listed duties, Rules, Regulations and codes, so as to protect the general public, including the Plaintiff, from the unsafe operation of commercial motor vehicles by its drivers.

99.     Defendant CRST Expedited, Inc. breached its above listing duties to the general public, including the Plaintiff, by its failing to properly supervise Defendant Edward Henderson, Defendant CRST Expedited, Inc.'s tractor-trailer driver, who was unqualified, incompetent and should have been discharged prior to this crash.

100.    Based on Defendant Edward Henderson's driving history, lack of supervision and continued retention by his employer, Defendant CRST Expedited, Inc. knew or had information from which defendant, in the exercise of ordinary care, should have known, that its driver operating its vehicle created a high degree of probability of injury to other persons operating or traveling in motor vehicles on public roads, streets and highways.

101.    These actions and omissions of Defendant CRST Expedited, Inc. relating to this crash were willful, wanton, and reckless, and demonstrated a complete indifference and conscious disregard for the law and for the safety of others, including Plaintiffs.

102.    Defendant CRST Expedited, Inc.'s willful, wanton, and reckless behavior, and for its complete indifference and conscious disregard for the safety of the motoring public,

aggravated (punitive) damages are appropriate in this action in order to punish Defendant and to deter others from similar conduct.

103.    Plaintiff's injuries were directly and proximately caused by Defendant CRST Expedited, Inc.'s breach of and failure to comply with its duty to properly train Defendant Edward Henderson, its tractor-trailer driver.

**WHEREFORE** Plaintiff prays for judgment against Defendant CRST Expedited, Inc. in a sum in excess of Seventy-Five Thousand Dollars ($75,000) exclusive of costs and interest, as is fair and reasonable to compensate Plaintiff for his injuries, plus aggravated (punitive) damages, and for such other relief this Court deems just and proper under the circumstances.

Respectfully submitted,

**SCHULTZ & MYERS, LLC**

/s/ Deme Sotiriou
_____
Deme Sotiriou, IL #6288773
Joshua Myers, IL #6284637
999 Executive Parkway Drive
Suite 205
St. Louis, Missouri 63141
Telephone:  314-444-4444
Facsimile:  314-720-0744
E-mail: deme@schultzmyers.com